**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61552-CIV-ALTONAGA/Reid**

**RONALDO JOSE POLANCO**
**GONZALEZ**,

      Petitioner,

v.

**TAE JOHNSON, ACTING**
**DIRECTOR, U.S. IMMIGRATION &**
**CUSTOMS ENFORCEMENT**, *et al.*,

      Respondents.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Petitioner, Ronaldo Jose Polanco Gonzalez's Emergency Motion[1] for Temporary Restraining Order [ECF No. 4], docketed on May 26, 2026. Petitioner requests an order enjoining Respondents from transferring him to another facility while his Petition is pending. (*See* Emergency Mot. 2–3).[2,3]  For the following reasons, the Emergency Motion is denied.

---

[1] Petitioner improperly labels his request an emergency.  Local Rule 7.1(d) of the United States District Court for the Southern District of Florida requires a party filing an emergency motion to certify that the motion "in fact presents a true emergency" and "requires an immediate ruling because the Court would not be able to provide meaningful relief . . . after the expiration of seven days." S.D. Fla. L.R. 7.1(d)(1) (alteration added).  Petitioner did not so certify. (*See generally* Emergency Mot.).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] Petitioner also requests the Court enjoin Respondents from removing him during the pendency of his habeas action. (*See* Emergency Mot. 2).  Because Petitioner supplies no basis for the Court's authority to grant such relief (*see generally id.*), the Court does not address this request, *see U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (a court need "not address [a] perfunctory and underdeveloped argument" where a party "provide[s] no legal authority to support" it (alterations added; citations omitted)).

CASE NO. 26-61552-CIV-ALTONAGA

Federal law provides "no court shall have jurisdiction to review[] . . . any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii) (alterations added). Section 1231(g), within the same subchapter, provides "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." *Id.* § 1231(g) (alteration added).

In short, the Court "lack[s] jurisdiction to enjoin [Respondents] from transferring [Petitioner] to another facility." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *4 (S.D. Fla. Feb. 13, 2026) (alterations added); *see also Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) ("8 U.S.C. [section 1252(a)(2)(B)] and 8 U.S.C. [section] 1231(g)(1) strip the [c]ourt of jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." (alterations added; footnote call number, quotation marks, and citation omitted; collecting cases)).

Moreover, Petitioner has not demonstrated how his transfer would affect the Court's jurisdiction.  (*See generally* Emergency Mot.); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Ronaldo Jose Polanco Gonzalez's Emergency Motion for Temporary Restraining Order **[ECF No. 4]** is **DENIED**.

2

CASE NO. 26-61552-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 27th day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

3