**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61552-CIV-ALTONAGA/Reid**

**RONALDO JOSE POLANCO**
**GONZALEZ**,

       Petitioner,

v.

**TAE JOHNSON, ACTING**
**DIRECTOR, U.S. IMMIGRATION &**
**CUSTOMS ENFORCEMENT**, *et al.*,

       Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on *pro se* Petitioner, Ronaldo Jose Polanco Gonzalez's Petition for Writ of Habeas Corpus [ECF No. 1], filed on May 27, 2026. (*See generally id.*). Petitioner challenges his detention at the Broward Transitional Center in Pompano Beach, Florida. (*See generally id.*). In the Petition, Petitioner asserts two claims for relief under the Fifth Amendment to the U.S. Constitution (Count I) (*see id.* ¶¶ 44–54) and the Immigration and Nationality Act ("INA") (Count II) (*see id.* ¶¶ 55–59).[1] Petitioner requests the Court order Respondents to afford him a bond hearing consistent with the INA, 8 U.S.C. section 1226(a). (*See id.* 4, ¶ 36).[2]

---

[1] Although under Count II Petitioner invokes 28 U.S.C. section 2241 (a general federal habeas corpus statute) rather than the INA, the Court construes Count II to assert a claim under the INA, which Petitioner invokes elsewhere in the Petition. (*See* Pet. ¶¶ 9, 36–37); *see also Alvarez-Sanchez v. United States*, 350 F. App'x 421, 423 (11th Cir. 2009) ("[A] court is required to liberally construe a *pro se* petitioner's claim." (alteration added; citation omitted)).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-61552-CIV-ALTONAGA/Reid

On June 1, 2026, Respondents filed a Response [ECF No. 9], consenting to the relief Petitioner requests under the INA.  (*See generally* Resp.).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      *Pro se* Petitioner, Ronaldo Jose Polanco Gonzalez's Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED in part**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2.      Count I is **DISMISSED without prejudice**.[3]

3.      The Clerk shall **CLOSE** the case.  Final judgment will issue by separate order.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of June, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The Court declines to reach the merits of Count I, Petitioner's Fifth Amendment claim, as the Court grants the relief Petitioner seeks in Count II.  (*See* Pet. ¶¶ 44–59); *see, e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-Civ, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025) (citation omitted).  If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claim.  And because Count I is an unripe claim contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alteration added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).